**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID J. MOORHEAD,

Defendant-Appellant.

No. 09-6173
(D.C. No. 5:08-CR-00211-L-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **HOLMES**, Circuit Judges.

David J. Moorhead pleaded guilty to possession of child pornography in

violation of 18 U.S.C. § 2252A(a)(5)(B). Because his Sentencing Guidelines

range of 151 to 188 months of imprisonment was greater than the statutory

maximum of 120 months, the district court imposed the statutory maximum

sentence. Mr. Moorhead's plea agreement included a waiver of his right to appeal

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

his sentence and the manner in which it was determined by the district court, if his sentence was within or below the Guidelines range. Despite this appeal waiver, Mr. Moorhead has appealed. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Moorhead responds that the waiver should not be enforced because the district court gave undue weight to the Sentencing Guidelines and he could not have anticipated that the court would do so before he signed the plea agreement. We grant the government's motion to enforce and dismiss this appeal.

In *Hahn*, 359 F.3d at 1325, we established a three-prong test for determining whether to enforce an appeal waiver. We consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

SCOPE OF WAIVER

Mr. Moorhead first argues that this appeal falls outside the scope of the appellate waiver because he did not waive his right to appeal the reasonableness of his sentence. Even though he admits that the appeal waiver was intended to prevent appeal of Sentencing Guidelines issues, he contends that the district court gave undue weight to the Guidelines, without giving proper weight to the other sentencing factors listed in 18 U.S.C. § 3553(a). He contends that he could not have anticipated that the court would give undue weight to the Guidelines and he learned of it only at sentencing.

The plea agreement provided that the district court would consider the factors listed in § 3553(a) in determining his sentence. But it also stated that Mr. Moorhead understood that the court could impose any sentence within the statutory maximum. Further, the plea agreement stated that he waived his right to appeal his sentence as imposed by the district court, including the manner in which the court determined the sentence, if the sentence was within or below the applicable advisory Sentencing Guidelines range as determined by the court. Thus, it is clear from the plain language of the appeal waiver in Mr. Moorhead's plea agreement that his claim is within the scope of the appeal waiver. *See United States v. Sandoval*, 477 F.3d 1204, 1206-07 (10th Cir. 2007) (finding claim within scope of appeal waiver and noting this court will not hesitate to hold defendant to terms of lawful plea agreement).

KNOWING AND VOLUNTARY WAIVER

Next, Mr. Moorhead argues that he did not knowingly and voluntarily waive his right to appeal the reasonableness of his sentence. He admits that the plea colloquy shows that he was advised of the waiver and he knowingly waived his right to appeal, but he asserts that the waiver did not anticipate the district court's failure to consider the totality of the § 3553(a) factors.

In *Hahn*, we rejected the argument, which is similar to Mr. Moorhead's argument, that the defendant did not knowingly and voluntarily waive his appellate rights because he did not know in advance what sentencing errors the court might make. *See Hahn*, 359 F.3d at 1326; *see also Sandoval*, 477 F.3d at 1208 (noting that this court has "rejected the notion that a defendant must know with specificity the result he forfeits before his waiver is valid" (quotation omitted)). Thus, Mr. Moorhead has not met his burden of proving he did not knowingly and voluntarily enter into the guilty plea. *See Hahn*, 359 F.3d at 1329.

MISCARRIAGE OF JUSTICE

Finally, Mr. Moorhead argues that enforcing the waiver would result in a miscarriage of justice because the district court impermissibly gave the advisory Sentencing Guidelines more weight than reasonableness allows. He also argues that holding the waiver applicable to the reasonableness-of-the-sentence issue would seriously affect the integrity and reputation of judicial proceedings as he

-4-

became aware of the error only after his sentence was imposed. Thus, he contends that his "waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted).

A waiver is "otherwise unlawful" when it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Mr. Moorhead's miscarriage-of-justice argument fails to fit within this definition. He merely claims a sentencing error, and we have repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *See Sandoval*, 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . ."). Mr. Moorhead's argument is "the logical failing[] of focusing on the result of [the] proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Hahn*, 359 F.3d at 1326 n.12.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM

-5-